FILED
OCT 2 6 2015
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIEL A. MINOR<br><br>Defendant. | Magistrate No. 14-602<br>(DAR) |

## MEMORANDUM OF FINDINGS OF FACT
## AND STATEMENT OF REASONS IN
## SUPPORT OF ORDER OF DETENTION

### I. INTRODUCTION

Defendant is charged by a criminal complaint with knowingly persuading, inducing, enticing, or coercing any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a); persuading, inducing, enticing, and coercing any minor to engage in any sexual activity for which any person can be charged with a criminal offense by any means of interstate and foreign commerce, in violation of 18 U.S.C. § 2422(b); receiving any material that contains child pornography by any means of interstate commerce, in violation of 18 U.S.C. § 2252A(a)(2); and being more than four years older than the complaint engage in a sexual act with that child, in violation of 22 D.C. Code § 3008. The undersigned conducted a detention hearing on October 16, 2015. Upon consideration of the proffers and arguments of counsel, and the entire record herein, the undersigned ordered Defendant held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

## II. THE BAIL REFORM ACT

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e); *see also United States v. Henry*, 935 F. Supp. 24, 25 (D.D.C. 1996) (citation omitted) ("If a defendant poses a danger to society, the Court has a sufficient basis upon which to order pretrial detention.").

In instances in which pretrial detention is sought on the ground that there are no conditions of release that will reasonably assure the defendant's appearance, the government must show by a preponderance of the evidence that the defendant poses a risk of flight if released before trial. *See United States v. Anderson*, 382 F. Supp. 2d 13, 14 (D.D.C. 2005) (citations omitted) ("[T]he [Bail Reform Act] provides for pretrial detention if the government establishes by a preponderance of the evidence that the defendant is likely to flee before trial if released and that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.").

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required, and the safety of any other person and the community, the judicial officer shall take into account the available information concerning: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

United States v. Minor 3

Where there is probable cause to believe that a defendant has committed an offense involving a minor victim, a rebuttable presumption arises that no conditions or combination of conditions will reasonably assure either the defendant's appearance or the safety of the community. 18 U.S.C. § 3142(e)(3)(E); *see also United States v. Hite*, 76 F. Supp. 3d 33, 36 (D.D.C. 2014).[1]

### III. DISCUSSION

Both counsel for the government and counsel for Defendant proceeded by proffer. Counsel for the government argued that Defendant is a danger to the community and should be held without bond pending trial because he was arrested for offenses that involve a minor victim, pursuant to the presumption of detention in 18 U.S.C. § 3142(e)(3)(E). The government proffer was congruent with the Statement of Facts in support of the Second Amended Complaint (Document No. 16). Therefore, the Statement of Facts as presented in the Complaint is incorporated herein.

Defendant, through counsel, requested that he be released to the High Intensity Supervision Program. In support of his request, Defendant's counsel proffered that it was the complainant who initiated to send those sexually explicit images. Counsel for Defendant further proffered that he does not have any criminal record and had a full-time job at the time of his arrest, and is a lifelong resident of the District of Columbia.

### IV. FINDINGS OF FACT

Upon consideration of the factors enumerated in the Bail Reform Act of 1984, 18 U.S.C. § 3142(g), the undersigned finds by clear and convincing evidence that no condition of release or

---

[1] Defendant, through counsel, conceded probable cause for purposes of the detention hearing only.

combination of conditions would reasonably assure the safety of the community. The undersigned finds that the information proffered on behalf of Defendant is insufficient to rebut the applicable presumption of dangerousness. The undersigned had no occasion to address whether the presumption of fugitivity was rebutted.

First, the nature and circumstances of the offenses charged indicate that Defendant engaged in illicit sexual conduct with a minor victim, including visual depictions thereof.

Second, the undersigned finds that the weight of the evidence against Defendant is compelling. The sexually explicit text messages and photographs exchanged between Defendant and the complainant were recovered from Defendant's mobile phone.

Third, Defendant's history and characteristics weigh in favor of pretrial detention. While Defendant has no prior criminal record, he faces a significant period of incarceration if convicted of the alleged offenses.

Finally, the undersigned finds that the toll which illicit sexual conduct with minors and the creation of child pornography has taken, and continues to take upon, this community is well-documented and need not be repeated here. The undersigned finds that evidence of Defendant engaging in illicit sexual conduct with the complainant and the creation of child pornography demonstrates that his release would pose a danger to the community, and that he is not amenable to community supervision at this time.

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the October 16, 2015 Order of Detention.

DEBORAH A. ROBINSON
United States Magistrate Judge

October 23, 2015
DATE

October 16, 2015
NUNC PRO TUNC